UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| V. | § | NO. 25-MJ-2401-LE |
| | § | |
| ADELY VANESSA DE LA | § | |
| CRUZ-ALVAREZ | § | |
| Defendant | § | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO ALLOW
TIME TO DISCOVER THE EXISTENCE OF *GIGLIO* EVIDENCE

Defendant Adely Vanessa De La Cruz-Alvarez ("Ms. De La Cruz"), by and through undersigned counsel, respectfully opposes the Government's Motion to Allow Time to Discover the Existence of *Giglio* Evidence (hereinafter 'Motion': Doc. No. 21). Through its Motion, the Government seeks a continuance to address bureaucratic delays attributable to its own internal compliance efforts regarding disclosures under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Rule 5(f) of the Federal Rules of Criminal. The present Motion is not attributable to any defense request.

Ms. De La Cruz was arrested on May 12, 2025. On May 14, 2025, the Government filed its Complaint alleging novel violations of 50 U.S.C. § 797 and 18 U.S.C. § 1382. (Doc. No. 1). On May 14, 2025, this Court ordered a preliminary hearing scheduled for May 19, 2025. (Doc. No. 5). The Government quickly responded by filing the present Misdemeanor Information (Doc. No. 6), thereby negating the requirement of a preliminary hearing according to Federal Rule of Criminal Procedure 5.1(a)(4). This Court held the scheduled hearing, which became perfunctory given the waiver of detention hearing and a preliminary hearing rendered moot by Government action. (Doc. No. 10). Also on May 19, 2025, Ms. De La Cruz filed her Motion to

1

Dismiss and Motion for Speedy Trial (Doc. No. 8), leaving no doubt as to her intentions in the present case. In response to that motion, this Court that same day ordered that a motion hearing be conducted on May 22, 2025, satisfying its obligation under Federal Rule of Criminal Procedure 5(f) by admonishing the Government of its obligation to disclose information required by *Brady* and its progeny, *see* Order Setting Mot. Hearing (Doc. No. 11). This same information is now the subject of the present Motion.

The substance of the Government's Motion boils down to one phrase: "[o]nce notice of trial or other hearing is given," Mot. at 4. Nothing in federal law suggests that the Government must wait until trial is declared to *investigate* relevant discovery concerns. *Brady*, *Giglio* and Federal Rule of Criminal Procedure 16 direct only the substance and timing of actual *disclosure*. As relevant to the present Motion, Western District of Texas Rule CR-16(b)(1)(C) reads as follows: "The parties must provide discovery in connection with trial, whether agreed to by the parties or otherwise required, not later than: (i) 14 days after arraignment; or (ii) if the defendant has waived arraignment, within 14 days after the latest scheduled arraignment date."[1] Local Rule CR-16(b)(2) adds "The court encourages prompt disclosure, including disclosure before the deadlines set out in this rule."

While the defense infers no malice in the Government's Motion, the present problem is one of its own design, specifically its own trial preparation process. It is somewhat ironic that the Government cites United States District Judge Kathleen Cardone's Standing Order in footnote 1 as a source of its disclosure responsibilities as the same judge has expressed substantial frustration over Government trial preparation practices. *See United States v. Alonzo-*

---

[1] The fact the present case begins with an information rather than an indictment should raise no issues as to the import of this Rule. The Government's obligation begins with the filing of the present Information as no further proceedings are required on the same. The deadline for production thus was 14 days after May 16, 2025, or May 30, 2025.

*Lopez*, 756 F.Supp.3d 399, 405 (W.D. Tex. 2024)("The Government has not provided anything approaching a satisfactory reason for its failure to provide discovery, and its delay has caused significant inconvenience for Defendant. The Court admonishes the Government that it will not look favorably on similar misconduct in future cases.").

The Government is the master of its own case. In the present case, it has inundated this Court's docket with novel, added charges, whether misdemeanor or felony, that invite a defense response. It quickly filed a misdemeanor information after filing a complaint, ostensibly to avoid the scheduled preliminary hearing. Given this rapid, tactical response to its benefit, it is unclear why an internal request for *Giglio* information on two agents could not have been sent with equal haste rather than delaying until the trial date issues. This Court's orders should not yield to the bureaucratic delay created by the Government's internal procedures. It would appear appropriate that this Court's scheduling order should direct the timing of any internal response, regardless of whether that response originates from local agents or Washington, D.C. Moreover, a review of the file of two agents is not of a sufficiently complex nature that it should delay the scheduled trial.

Accordingly, the defense respectfully requests the Court deny the Motion.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


/S/
Shane McMahon
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

/S/
Shane McMahon
Attorney for Defendant