**FILED**

⌐JUN 0 4 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:25-MJ-02401-LE |
| | § | |
| ADELY VANESSA DE LA CRUZ-ALVAREZ, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have now heard all of the evidence in this case. It is almost time for you to begin your deliberations. But, first I must provide you with instructions.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is you – the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you general instructions which apply in every case. For example, I will give you instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

1

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

2

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The information or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his/her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## SYMPATHY TO PLAY NO ROLE

You are not to be swayed by sympathy. You are to be guided solely by the evidence, and the question that you must ask is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to render a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

## EVIDENCE
## EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

It is your duty to determine the facts. In doing so, you must consider only the evidence. The term evidence includes the sworn testimony of the witnesses, stipulations, and the exhibits admitted in the record. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.

Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I occasionally made comments to the lawyers, asked questions of a witness, or admonished a witness concerning the manner in which he or she responded to the questions of counsel. I also sustained objections to certain questions and exhibits. Do not speculate as to what the witness would have said if permitted to answer the questions or as to the contents of an exhibit.

Finally, do not assume from anything I may have said that I have or intended to suggest that I have any opinion concerning any of the issues in this case. No particular significance should be attached to any question or comment made by me. Except for my instructions to you on the law, you may disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## OBJECTIONS AND RULINGS

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which may not be admissible. You should not infer any improper motive against an attorney or his or her client because the attorney has made such objections.

Allowing testimony or other evidence to be introduced over an objection is not intended to indicate any opinion as to the weight or effect of such evidence. You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

When an objection to a question has been sustained, the jury must disregard the question entirely and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

## EVIDENCE – INFERENCES
## DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances from which you may infer facts as are reasonable and logical.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence. While you may draw reasonable inferences, you may not speculate or surmise as to any fact. Neither may you base an inference on any facts unless those facts have been found to have been proven. Only if you are convinced of the defendant's guilt, based on all the evidence, beyond a reasonable doubt, can he be convicted.

Any inference relied on to prove any fact essential to any charge in this case must be substantiated beyond a reasonable doubt before you may draw such inference.

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In weighing the testimony of a witness, you should consider his or her relationship to the government or the defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness, and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. It is the quality and nature of the evidence that should determine the weight you give it. You may find that the testimony of a smaller number of witnesses, or even a single witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In weighing the testimony of a witness, you should consider his or her appearance upon the stand; you should try to size the witness up; you should have in mind all those little circumstances which point to his or her truthfulness or untruthfulness. You should consider any possible bias or prejudice he/she may have, whether for or against the government or the defendant; his or her interest or lack of interest, of whatever sort, in the outcome of the trial and whether

9

he/she has permitted bias or interest to color his or her testimony; his or her ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action. If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it. In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in the ordinary affairs of life.

The credit that you will give to the testimony offered by the various witnesses is something which you must determine. When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear in mind, and scrutinize, the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his or her testimony and give it that weight which your common sense leads you to think it ought to have and which you would attach to it in the ordinary affairs of life.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony. Two or more persons witnessing the same incident or transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If, however, you conclude that a witness has not only testified falsely, but that he or she has done so intentionally or willfully, the fact casts a very serious doubt upon all his or her testimony, and you might well conclude that you cannot accept any of it.

That, however, is a matter for you, the jury, to determine. Even though you may find that a witness intentionally gave false testimony as to certain matters, you may find that as to certain other matters he gave testimony worthy of acceptance by you as true. After all, whether you should believe all of that witness's testimony or believe any portion of it is for you to decide.

## TESTIMONY OF OFFICERS, OFFICIALS OR AGENTS

There was testimony here from law enforcement agents. The testimony of an officer or agent is entitled to no special or exclusive sanctity merely because it comes from an officer or agent. An officer or agent who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does and, in the case of an officer or an agent, you should not believe him or her merely because he or she is an officer or an agent. You should recall his or her demeanor on the stand, his or her manner of testifying, the substance of his or her testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

Each officer or agent who testified is not entitled to be given more or less credibility or to be believed more or less than any other witness who might be called as a witness only because of their position.

## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the information. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## CONFESSION – STATEMENT – VOLUNTARINESS

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## SUMMARY OF CASE

Defendant ADELY VANESSA DE LA CRUZ-ALVAREZ is charged with Count One of violation of 8 U.S.C. 1325(a)(1), Improperty Entry by Alien on or about May 12, 2025. Count One of the information reads as follows:

## COUNT ONE
### 8 U.S.C. § 1325(a)(1)

On or about May 12, 2025, in the Western District of Texas, Defendant, ADELY VANESSA DE LA CRUZ-ALVAREZ, who was then and there an alien, did knowingly and unlawfully enter and attempt to enter the United States, at a time and place other than designated by immigration officials of the United States for entrance of immigrants into the United States, in violation of Title 8 United States Code Section 1325(a)(1).

## COUNT ONE: ELEMENTS OF THE OFFENSE

Title 8, United States Code, Section 1325(a)(1), makes it a crime for an alien to enter the United States without consent at a time and place other than designated by immigration officers.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant was an alien;

*Second*: The defendant knowingly entered the United States; and

*Third*: The defendant entered at a time and place other than as designated by immigration officers. An alien is any person who is not a natural-born or naturalized citizen of the United States

18 U.S.C. § 1382

On or about May 12, 2025, in the Western District of Texas, ADELY VANESSA DE LA CRUZ-ALVAREZ, entered a military reservation, post, fort, arsenal, station, and installation, specifically, the National Defense Area created by lawful authority on April 30, 2025, by the Senior Commander, U.S. Army Ft. Bliss, establishing a National Defense Area, and declaring the lands to be a Restricted Area of the Department of the Army comprising approximately 2,000 acres of land located along the southern border of the United States, and said entry was for any purpose prohibited by law or lawful regulation, specifically, Title 8 U.S.C. Section 1325(a)(1), all in violation of Title 18 United States Code Section 1382.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly entered a military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation;

*Second:* That defendant's entry upon the post, fort, arsenal, yard, station, or installation was for a purpose prohibited by law or lawful regulation, specifically improper entry in violation of 8 U.S.C. §1325(a)(1).

"Military, naval, Coast Guard reservation, post, fort arsenal, yard, station, or installation" have been defined boundaries under the command of a military officer.

# DEFINITIONS RELEVANT TO THE ABOVE COUNTS

## "ON OR ABOUT"

You will note that the information charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the information.

## "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## "ALIEN"

An "alien" is any person who is not a natural-born or naturalized citizen of the United States.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the information. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your members ~~number~~ as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the information, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and telephone my Courtroom Deputy, Adriana Quezada at 9 (for outside line) 915-

834-0532. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the information, until after you have reached a unanimous verdict.

When you have reached unanimous agreement as to your verdict, you will contact my chambers by telephone. You will then be returned to the courtroom to announce your verdict.

_____
LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE